**Aline D. THURMOND,**
**Plaintiff/Appellee,**

v.

**The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK,**
**Defendant/Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 8, 1986.

Application for Permission to Appeal
Denied by Supreme Court
July 28, 1986.

Noel H. Riley, II, Germantown, for plaintiff/appellee.

James W. Surprise, Johnson, Grusin, Kee, Posner & May, P.C., Memphis, for defendant/appellant.

FARMER, Judge.

Suit was brought by Aline D. Thurmond, widow of Dr. N.D. Thurmond, against the defendant to recover life insurance benefits in the amount of $30,000, payable under a certificate of insurance issued by the defendant on July 19, 1982. The defendant had made a special offering to persons insured under a group policy, which special offering was designated as a "Special Twenty-Fifth Anniversary Offer" made available to members of the AVMA group insurance program to supplement their already existing insurance program. Dr. Thurmond, a veterinarian who had conducted his practice in Dyersburg for a number of years, was suffering from lung cancer which the record reflects had been diagnosed as early as 1979. During and prior to July, 1982, he had been undergoing chemotherapy treatment in Memphis. On July 7, 1982, Mrs. Thurmond drove her husband to Memphis for a chemotherapy treatment. However, during the course of this visit, the treating physician recommended hospitalization for tests, noting that Dr. Thurmond was having difficulty breathing. The treating physician and Mrs. Thurmond persuaded Dr. Thurmond to be hospitalized for a lung scan. He was hospitalized on July 8, 1982, until his discharge on July 13, 1982. On July 10, 1982, Dr. Thurmond executed an application designated as 25th Anniversary Special Offer Application whereby he elected an additional $30,000 in term life insurance. The application stated:

> This is to certify that I have been performing all the duties of my occupation at my usual place of practice (or business) for the past thirty days on a full-time basis (at least 30 hours per week).

Mrs. Thurmond identified Dr. Thurmond's signature on the application at trial. Dr. Thurmond had anticipated returning to work immediately following his chemotherapy treatment on July 7, 1982, but due to his unexpected hospitalization, surgery and appointments beginning on July 8, 1982, were cancelled. Following his discharge from the hospital on July 13, 1982, he returned to work and worked until his retirement on the 27th or 28th of July, 1982. Subsequent to his death, Mrs. Thurmond applied for the additional $30,000 in death benefits and the insuror, upon learning of Dr. Thurmond's hospitalization at the time the application was executed, denied coverage on the basis that he had made a misrepresentation based upon the certification contained in the application.

The trial court, sitting without a jury, found that any person who had been working and performing all of his duties for the past thirty days, and working at least 30 hours per week during those thirty days, should be qualified for the coverage described, and judgment was entered for the plaintiff against the defendant in a sum of $30,000 plus interest.

■ The matter is before this Court under the scope of review as set forth in Rule 13(d), T.R.A.P., in that a review of the findings of fact by the trial court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. The record shows without dispute that Dr. Thurmond's hospitalization was uninterrupted from his admission on July 8, 1982, until his discharge on July 13, 1982. The certification set forth in the application must be read as a whole. In executing the application, Dr. Thurmond certified to the defendant, without qualification, that he had been performing all the duties of his occupation ... at his usual place of practice ... for the past thirty days ... on a full-time basis. Full-time basis is described as meaning at least thirty hours per week. We find that the preponderance of the evi-

dence is that, when considering the certification as a whole, Dr. Thurmond falsely represented that he had been performing all the duties of his occupation at his usual place of practice for the past thirty days on a full-time basis.

■ As provided in T.C.A. § 56–7–103, no written or oral misrepresentation or warranty made in the application for insurance shall be deemed material or defeat or void the policy unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increases the risk of loss. It then becomes a question of law as to whether such misrepresentation as we find was made by Dr. Thurmond materially increases the risk of loss. *Little v. Washington National Ins. Co.,* 34 Tenn.App. 593, 598, 241 S.W.2d 838, 840 (1951); *Sloop v. Mutual of Omaha Ins. Co.,* 55 Tenn.App. 656, 663, 404 S.W.2d 265, 268 (1965). The application required no medical examination. As stated in *Little v. Washington, supra,* the rule applies with special force where the policy ... is issued without a medical examination. The purpose of the certification was to enable the insuror to ascertain whether the applicant met the certification in its entirety, and one who is unable to perform all the duties of his occupation within the period set forth constitutes the type of risk that would not be accepted. The certification appears straightforward and without ambiguities. We find that the matters falsely certified increased the risk of loss to the defendant.

Plaintiff relies upon *Gatlin v. World Service Life Ins. Co.,* 616 S.W.2d 606 (1981). That case involved an application which simply stated, "I hereby certify that I am in good health as of the effective date hereof." The insured had seen her doctor approximately seven weeks prior to filling out the application at which time his chart noted that her blood pressure was down, that she was doing quite well and had no problems that she admitted to. The examining physician testified that, in all probability, he told her during the course of that visit that she was doing well, and further, that a person with hypertension could be considered in fairly good health if the blood pressure was kept under control. The court stated that,

"unless the minds of reasonable men could reach only one conclusion," the question as to whether the answers in the application were true or not was a jury decision; once it was determined that the answers were false, however, it was a question of law for the Court to decide whether the false answers materially increased the risk.

616 S.W.2d at 608.

The Supreme Court noted that both the trial court and Court of Appeals were of the opinion that there had been a misrepresentation as a matter of law because the decedent was not in fact in "good health" and held that this conclusion was in error. The facts were sufficiently close so that reasonable minds might differ on the issue of whether decedent was in fact in good health. It was noted that the Court did not decide on that point alone, and held that under the facts of that particular case the decedent did not intend, nor was she asked to warrant, that she was in fact in good health. The Court further stated that a statement as to the condition of one's health, being as to a matter about which one may be honestly mistaken, is not, in the absence of some expressed directive, the absolute assertion of a fact. *Id.* at 609. We find this case to be distinguishable from the case at bar in that Dr. Thurmond was not simply asked the subjective question as to whether he was in good health. Rather, while in the third consecutive day of his hospitalization, he certified that he had been performing all the duties of his occupation at his usual place of practice for the past thirty days on a full-time basis.

The judgment of the trial court is reversed and plaintiff's Complaint is dismissed. The cost of appeal is taxed to the appellee, for which execution may issue if necessary.

TOMLIN, P.J. (W.S.), and KIRBY MATHERNE, Special Judge, concur.